**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10425 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-0003-LRH-WGC |
| v. | |
| RICKY CARTER, JR., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 18, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,** District Judge.

Ricky Carter, Jr., appeals the district court's judgment convicting him of

being a felon in possession of a firearm and sentencing him principally to 120

months' imprisonment. We assume familiarity with the facts, procedural history,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

and issues on appeal.  We affirm.

1.	Carter's conviction moots his claim that the district court's decision to have him restrained in the courtroom violated due process, except insofar as he claims that the decision prejudiced the jury.  *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1542 (2018).  That claim fails because there is no evidence that the district court's efforts to prevent the jury from seeing the restraints were unsuccessful.  *Cox v. Ayers*, 613 F.3d 883, 890 (9th Cir. 2010).

2.	None of the five alleged instances of prosecutorial misconduct during trial satisfies the standards for reversal on review for plain error.  *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015).  Officer Schaur's testimony that Carter provided his phone number during a booking interview did not affect Carter's substantial rights because the government also connected Carter to the phone number by multiple other means.  Arguing that Lessman had no motive to lie did not constitute improper vouching, and acknowledging other problems with her credibility did not mean that the government was knowingly eliciting false testimony.  Attacking the strength of Carter's theory of defense was proper, and asking Carter why he did not provide text messages corroborating his theory did not improperly shift the burden of proof.

3.	The affidavit supporting the search warrant application included evidence that Carter was involved in the shooting of Julian Hamilton, and that

André Wagner—who was arrested in connection with the shooting—had spoken to Carter by phone from jail, telling him to advise another person involved to flee. That evidence was sufficient to create a "fair probability" that the phones found on Carter's person and in his car at the time of his arrest would contain evidence of other communications regarding the shooting. *United States v. Flores*, 802 F.3d 1028, 1043 (9th Cir. 2015) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).

The district court was not required to hold a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), before denying the motion to suppress. Although an earlier police report noted only that Wagner spoke about the shooting to an "unidentified male," the affidavit identified Carter as that interlocutor. Carter does not dispute that he was the person on the call, and so fails to make a "substantial preliminary showing" that that statement in the affidavit was false, let alone that the alleged falsity was intentional or reckless. *United States v. Meling*, 47 F.3d 1546, 1553 (9th Cir. 1995). We agree with the district court that the remaining misstatements and omissions claimed by Carter were not material to the probable-cause analysis. *See id.*

AFFIRMED.